UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANA WINTER,<br><br>             Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA,<br><br>             Defendant. | Civil No. 08cv1718 L(LSP)<br><br>**ORDER GRANTING MOTION TO DISMISS [doc. #9] and GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

Defendant Corrections Corporation of America ("CCA") moves to dismiss plaintiff's first amended complaint ("FAC") in its entirety. The motion has been fully briefed. Having reviewed the motion, the Court finds this matter suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**1.     Background**

Plaintiff Susana Winter ("Winter") has been employed with CCA as a correctional officer since March 30, 1998. She began her CCA employment at the Arizona Detention Center and in January 2001, she transferred to the San Diego Correctional Facility. Winter alleges her transfer was necessitated because her life was threatened by an inmate at the Arizona facility. Even after her transfer, plaintiff alleges that she remained fearful for her safety which caused severe mental and emotional problems. Plaintiff contends that her emotional problems were worsened by managers' and supervisors' failure to address her safety concerns.

Because of medical treatment she required, plaintiff states that she was harassed by supervisors and co-workers based on her absences from work.  In an effort to obtain relief from the allegedly discriminatory actions she was suffering, plaintiff filed grievances, complaints and incident reports and as a result the severity and frequency of harassing and retaliatory actions taken against her intensified.

After an absence for medical treatment, CCA terminated Winter's employment in early November 2006.  Later that month, plaintiff received notice that she had been reinstated.  Plaintiff has been on disability leave since October 2006.

Plaintiff filed a complaint of discrimination with the Department of Fair Employment and Housing ("DFEH") under the Fair Employment and Housing Act ("FEHA") on December 28, 2007.  In the DFEH complaint, plaintiff indicated that in August 2007, she was harassed, denied a promotion and denied accommodation because of her race/color.

**2.    Legal Standard**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001).  "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir. 2008)(quoting *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007)).  "'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.*  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombley*, 127 S. Ct. at 1964-1965.  Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal

theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). But legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Finally, in determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). But in addition to the facts alleged in the complaint, the Court may consider documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Parrino*, 146 F.3d at 705-706.

**3.     Discussion**

    **A.     Judicial Notice**

As noted above, a matter that is properly the subject of judicial notice pursuant to Federal Rule of Evidence 201 may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). The parties do not dispute that the Court may take judicial notice of the administrative claims filed with the Department of Fair Employment and Housing ("DFEH"). Accordingly, the Court takes judicial notice of plaintiff's DFEH complaint filed on December 28, 2007. (Declar. of Richard Y. Chen, Exh. A.)

    **B.     FEHA's Time Limitation**

Plaintiff's first five causes of action are based on alleged violations of FEHA. To bring a

civil action under the FEHA, a plaintiff must exhaust her administrative remedies, which requires the filing a complaint with the DFEH within one year of the date of the alleged unlawful conduct or practice. CAL. GOV'T CODE § 12960.

Here, plaintiff filed her FEHA complaint on December 28, 2007. Accordingly, plaintiff must allege unlawful conduct occurring on or after December 28, 2006 in order to be timely. In her FEHA complaint, plaintiff indicated that the date of the most recent or continued discrimination took place in "August 2007 (ongoing)"; however, the FAC fails to even mention what occurred, if anything, in August 2007. Indeed, in her FAC plaintiff has not alleged *any act* of discrimination occurring within the one-year window. Plaintiff's employment termination – a potentially discriminatory act – occurred in November of 2006, which is prior to the one-year limitation period that commenced December 28, 2006. As noted above, plaintiff's employment was reinstated in late November 2006 but she has been on disability status since that time which includes the one-year relevant period.

Although the pleading standard in federal court is liberal under Federal Rule of Civil Procedure 8, plaintiff must plead essential facts to support her legal theory. It simply is not enough to recite the elements of a cause of action. At this point, plaintiff has failed to allege in her FAC an act of discrimination under any qualifying basis within the applicable time period. Unless an exception to the FEHA requirement of a timely DFEH complaint is available, plaintiff's first five claims are untimely and must be dismissed.

The continuing violation doctrine is an equitable exception to the FEHA requirement of a timely filed DFEH complaint. *Morgan v. Regents of University of Cal.*, 88 Cal. App.4th 52, 63-64 (Ct. App. 2000). Under this theory, the one-year deadline for filing a DFEH complaint may be tolled where the plaintiff alleges facts that point to at least one act occurring within the filing period and the discriminatory or harassing conduct was the product of a persistent ongoing pattern, rather than isolated or sporadic acts. *Id.* at 64; *Accardi v. Superior Court*, 17 Cal. App.4th 341, 349 (1993). A continuing violation may be established by demonstrating "a company wide policy or practice" or "a series of related acts against a single individual." *Green v. Los Angeles Cty. Superintendent of Sch.,* 883 F.2d 1472, 1480 (9th Cir. 1989).

The *Morgan* court noted that "[i]n attempting to show a continuing violation through 'a series of related acts against a single individual', [the] question . . . boils down to whether sufficient evidence supports a determination that the 'alleged discriminatory acts are related closely enough to constitute a continuing violation.'" *Morgan*, 88 Cal. App.4th at 64 (quoting *Green*, 883 F.2d at 1480-1481).

As discussed above, plaintiff has failed to allege a discriminatory act occurring within the time period between December 28, 2006 and December 28, 2007.  As a result, plaintiff cannot allege facts to support a continuing violation argument.   That is not to say that plaintiff could not do so if facts warrant.  Therefore, defendant's motion to dismiss the FEHA claims, *i.e.*, claims one, two, three and five is **granted without prejudice**.[1]   Plaintiff will be given leave to file a second amended complaint ("SAC") alleging facts of discriminatory conduct within the one-year limitation period.  If plaintiff provides facts pointing to discriminatory conduct within the limitations period, plaintiff must also allege facts sufficient to show that the alleged discriminatory acts occurring prior to December 28, 2006 are closely related to the act or acts occurring within the one-year window.

### C.    Exhaustion of Administrative Remedies

In her FEHA complaint filed on December 28, 2007, plaintiff indicated she was discriminated against on the basis of race/gender and that she was subjected to harassment. (Dft's Exh. A.)  Plaintiff did not, however, indicate that she suffered discrimination on the basis of physical or mental disability or that her disability was not accommodated or that she was retaliated against.[2]

To bring a claim for a violation of FEHA, a plaintiff must first file a written complaint with the California Department of Fair Employment and Housing ("DFEH") and obtain a "right

---

[1] Plaintiff's claim for retaliation will be dismissed with prejudice for failure to exhaust administrative remedies.  *See* Section C.

[2] In the FAC, plaintiff states that she "believes, and thereon alleges, that Defendants [sic] are motivated to discriminate against her based on her race, Caucasian-Hispanic, and gender, female." (FAC ¶ 15.)  Gender discrimination does not appear in any other location in the FAC and was not a claim in plaintiff's administrative complaint.  Accordingly, plaintiff may not raise gender discrimination in any subsequently filed complaint.

to sue" letter from DFEH. CAL. GOVT. CODE § 12960(d); *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 & n.5 (9th Cir. 2001). Claims that are not raised before the DFEH are barred for failure to exhaust administrative remedies. *See Rodriguez*, 265 F.3d at 897.

"The scope of the written administrative charge defines the permissible scope of the subsequent civil action." *Id.* Allegations beyond the scope of the administrative complaint "are barred for failure to exhaust." *Id.* Plaintiff may only bring claims that are "like or reasonably related to" claims raised in the administrative charges. *Id.* "This standard is met where the allegations in the civil suit are within the scope of the administrative investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* (internal quotes and citation omitted) (finding that plaintiff's charge of discrimination against Mexican-Americans would not reasonably trigger an investigation into discrimination on the grounds of disability); *see also Felix v. State Compensation Ins. Fund*, 2007 WL 3034444, *5-6 (C.D. Cal. Oct.3, 2007) (finding that charge alleging race and age discrimination would not reasonably trigger an investigation into disability discrimination). In making an assessment of whether the allegations of the complaint are "like or reasonably related to" the charges presented to the DFEH, the Court construes plaintiff's DFEH charge with the "utmost liberality" in her favor. *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990).

Based on the face of plaintiff's FEHA complaint, defendants contend that her claims for disability discrimination, failure to accommodate her disability and retaliation must be dismissed for failure to exhaust administrative remedies. The Court agrees that plaintiff's claim for retaliation is not like or reasonably related to plaintiff's race/color discrimination or harassment claims explicitly raised in the administrative charges. There is nothing mentioned in plaintiff's FEHA complaint that would trigger an administrative investigation for retaliation.

On the other hand, Winter's claims for disability discrimination and for failure to accommodate are not barred even though they were not expressly included in her original DFEH complaint. When "an investigation of the charges made in the [FEHA complaint] would have revealed the basis for that claim," a claim is not subject to dismissal for failure to exhaust remedies. *See Serpe v. Four-Phase Systems, Inc.*, 718 F.2d 935, 936-37 (9th Cir. 1983).

Winter's DFEH complaint states that she was experiencing "severe mental and emotional problems," was absent from work "necessitated by the medical treatment [she] required," and she "was forced to go off work on disability leave." (Exh. A.)  Also, Winter checked "denied accommodation" in indicating the particulars of what occurred in August 2007.  Given these phrases in the administrative complaint, the DFEH would likely have included disability discrimination and failure to accommodate in its investigation.

Accordingly, defendant's motion to dismiss plaintiff's retaliation claim for failure to exhaust administrative remedies is **granted with prejudice**; the motion to dismiss plaintiff's disability discrimination and failure to accommodate claims is denied without prejudice.

### D.     Adverse Action

The term "adverse employment action" is not found in the text of the FEHA. Nevertheless, it "has become a familiar shorthand expression referring to the kind, nature, or degree of adverse action against an employee that will support a cause of action under a relevant provision of an employment discrimination statute." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1049 (2005)(citing *Power v. Summers,* 226 F.3d 815, 820 (7th Cir. 2000)).

Defendant first argues that plaintiff did not suffer any actionable adverse employment actions.  Notwithstanding her reinstatement, Winter's employment was terminated.  Few employment action could be considered more adverse. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 660 (9th Cir. 2002)(being terminated from one's position "certainly constitutes an adverse employment action.").

Next, defendant argues that plaintiff has failed to plead facts that she suffered any adverse employment action because of her protected characteristics.  The Court concurs.  In her FAC, plaintiff lists eight actions allegedly taken against her.  (FAC ¶¶ 16, 17.)  None of the listed actions suggests a discriminatory intent and the allegations of the FAC do not attempt to link the actions with the protected categories plaintiff asserts.  In other words, plaintiff's allegations do not suggest that the treatment of which she complains occurred because of her race or disability.

The FEHA does "not guarantee employees 'a stress-free working environment.'" *Arteaga v. Brink's, Inc.*, 163 Cal. App.4th 327, 344 (Ct. App. 2008)(citing *Wehunt v. R.W. Page Corp.,*

352 F. Supp.2d 1342, 1354 (M.D. Ga. 2004)).

> [The Act] does not take away an employer's right to interpret its rules as it chooses, and to make determinations as it sees fit under those rules. "[The FEHA] addresses discrimination . . . . [It] is not a shield against harsh treatment at the workplace. ... Nor does the statute require the employer to have good cause for its decisions. The employer may [treat] an employee [unfairly or harshly] for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason.... While an employer's judgment or course of action may seem poor or erroneous to outsiders, the relevant question is simply whether the given reason was a pretext for illegal discrimination [or retaliation]. The employer's stated legitimate reason ... does not have to be a reason that the judge or jurors would act on or approve."

*Id.* (internal citations omitted.)

For example, in the case of disability discrimination, a plaintiff must provide facts sufficient to allege that defendant took a tangible, adverse employment action against plaintiff or treated her differently *because of his disability*. *Community House, Inc. v. City of Boise*, 490 F.3d 1041, 1053 (9th Cir. 2007) (emphasis added).  Similarly, in order to state a claim based upon harassment or a hostile work environment, plaintiff must allege facts showing that defendant subjected her to verbal or physical conduct *because of her race or disability* or other protected classification.  *Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003).  To state a claim based on a failure to accommodate claim, plaintiff must allege facts showing that she has a disability under the FEHA, is qualified to perform the essential functions of the position, and her employer failed to reasonably accommodate the plaintiff's disability.  *Wilson v. County of Orange*, 169 Cal. App.4th 1185, 1192 (Ct. App. 2009).

If plaintiff intends to amend her complaint, she must allege facts that the actions supporting her claims reflect discriminatory intent.

**E.     Preemption Based on Worker's Compensation**

Defendants seek to dismiss plaintiff's causes of action for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED") based on the exclusivity of the California Workers' Compensation statute.  The workers' compensation exclusivity rule applies to both IIED and NIED claims.

Because plaintiff's FEHA claims are being dismissed without prejudice, except for her

retaliation claim which is dismissed with prejudice, the Court must dismiss plaintiff's claims for emotional distress. However, plaintiff has been given leave to file a SAC. In order to guide the parties if a SAC is filed, the Court notes the following.

The California Supreme Court has repeatedly held that, where an employee alleges a claim for infliction of emotional distress based upon conduct occurring in the workplace, the claim is preempted by the exclusivity provisions of the workers' compensation law *unless* the alleged conduct violates an express statute or is a violation of fundamental public policy. *See Miklosy v. Regents of University of California*, 44 Cal.4th 876, 902 (2008); *Fermino v. Fedco, Inc.*, 7 Cal.4th 701, 713-714 (1994); *Livitsanos v. Superior Court,* 2 Cal.4th 744, 754 (1992). Workers' compensation exclusivity does not bar claims for emotional distress where the employer steps out of its normal role and engages in conduct that "exceed[s] the normal risk of the employment relationship. " *Livitsanos*, 2 Cal.4th at 756 (emotional distress claim arising from unlawful harassment not preempted); *Fretland v. County of Humboldt*, (1999) 69 Cal. App.4th 1478, 1492 (1999)(emotional distress claim arising from unlawful discrimination not preempted); *Lenk v. Total-Western, Inc.,* 89 Cal. App.4th 959, 972 (2001)(emotional distress caused by employee's reliance on employer's fraudulent misrepresentations to induce employment not preempted).

If in the SAC plaintiff alleges conduct that "exceed[s] the normal risk of the employment relationship," defendant would not be entitled to dismissal of plaintiff's emotional distress claims.

**4.    Conclusion**

Based on the foregoing, **IT IS ORDERED** granting defendant's motion to dismiss as follows:

1. Plaintiff's claim for retaliation (Claim 4) is **dismissed with prejudice** for failure to exhaust administrative remedies;
2. Defendant's motion to dismiss plaintiff's sixth and seventh claims for intentional infliction of emotional distress and negligent infliction of emotional distress is **granted without prejudice**;

3. Defendants' motion to dismiss plaintiff's first through fifth claims as being time-barred is **granted without prejudice**;

**IT IS FURTHER ORDERED granting** plaintiff leave to file a second amended complaint. If plaintiff intends to file a SAC, she must do so within 15 days of the filing of this Order.

**IT IS SO ORDERED.**

DATED: June 24, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL